**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

DEBORAH SANTACAPITA,       :        CIVIL CASE NO.
     Plaintiff,            :
                             :
VS.                           :
                             :
BOARD OF EDUCATION OF THE  :
CITY OF BRIDGEPORT,        :
     Defendant.           :        MARCH 7, 2019

## COMPLAINT

### I.   PRELIMINARY STATEMENT

1. This action seeks declaratory, injunctive, and equitable relief, and monetary damages, as well as costs and attorney fees for the injuries suffered by the plaintiff when the defendant, Board of Education of the City of Bridgeport, discriminated against the plaintiff on account of her race and color when it laid her off from her position as Assistant Superintendent of Schools and retained two less qualified, non-white Assistant Superintendent of Schools in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Connecticut Fair Employment Practices Act.

2. This action seeks declaratory, injunctive, and equitable relief, and monetary damages, and costs as well as attorney fees for the injuries suffered by the plaintiff when the defendant, Board of Education of the City of Bridgeport, discriminated against the

plaintiff on account of her disability when it laid her off from her position as Assistant Superintendent of Schools after learning that it was probable that she would have to undergo surgery and miss time from work because of a physical impairment from which she suffered in violation of the provisions of the Americans with Disabilities Act, Title 42 U.S.C. § 12112(d)(4)(A), and the Connecticut Fair Employment Practices Act.

## II.   **JURISDICTION**

3. This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq., and the Civil Rights Act of 1991, 42 U.S.C. §1981a.

4. This action also arises pursuant to Section 107(a) of the Americans With Disabilities Act (hereinafter "ADA"), Title 42 U.S.C. §12117, which incorporates by reference Section 706 of Title VII of the Civil Rights Act of 1964, as amended, Title 42 U.S.C. §2000e-5.

5. Jurisdiction is invoked pursuant to Title 28 U.S.C. §1343(a)(3), Title 28 U.S.C. §1343(a)(4), and Title 42 U.S.C. §2000e-5(f).

6. Jurisdiction over the plaintiff's state law claim is invoked pursuant to the Court's supplemental jurisdiction.

7. All conditions precedent to jurisdiction under Section 706 of Title VII of the Civil Rights Act of 1964, Title 42 U.S.C. §2000e-5(f)(3), and the Americans with Disabilities Act,

Title 42 U.S.C. § 12112(d)(4)(A) have occurred or have been complied with in the following manner:

 a. A charge of employment discrimination on the basis of race and color was filed on or about August 16, 2018, with both the State of Connecticut Commission on Human Rights and Opportunities and the United States Equal Employment Opportunity Commission, which filings were within 180 days of the commission of the unlawful employment practices alleged herein;

 b. By written communication dated February 8, 2019, the plaintiff was issued a "Dismissal and Notice of Rights" by the United States Equal Employment Opportunity Commission. *Exhibit 1*.

 c. On January 29, 2019, the Connecticut Commission on Human Rights and Opportunities issued a "Release of Jurisdiction to the plaintiff. *Exhibit 2*.

8. Declaratory, injunctive, compensatory damages, liquidated damages and equitable relief is sought pursuant to Title 28 U.S.C. §2201, §2202, and Title 42 U.S.C. §2000e-5(g).

9. Compensatory and punitive damages are sought pursuant to Title 42 U.S.C. §1981a.

10. Costs and attorney fees may be awarded pursuant to Title 42 U.S.C. §2000e-5(k).

### III.   VENUE

11. This action properly lies in the District of Connecticut pursuant to Title 28 U.S.C.

    §1391(b) because the claims arose in this judicial district, and pursuant to Title 42 U.S.C.

    §2000e-5(f) (3), because the unlawful employment practices were committed in this

    judicial district.

### IV.   PARTIES

12. The plaintiff, Deborah Santacapita, is a citizen of the United States residing in the Town

    of Fairfield, State of Connecticut.

13. The plaintiff's race is Caucasian, and her color is white.

14. The defendant, Board of Education of the City of Bridgeport, is an administrative agency

    of the City of Bridgeport, which is a political subdivision of the State of Connecticut.

15. The defendant is a person within the meaning of Section 701(a) of Title VII of the Civil

    Rights Act of 1964, Title 42 U.S.C. §2000e(a).

16. The defendant is an employer within the meaning of Section 701(b) of Title VII of the

    Civil Rights Act of 1964, Title 42 U.S.C. §2000e(b).

17. The plaintiff is an employee as that term is defined by Connecticut General Statutes §

    46a-51(9).

18. The plaintiff is physically disabled as that term is defined by Connecticut General Statutes § 46a-51(15).

19. The defendant is a person within the meaning of Section 101c of the Americans With Disabilities Act, Title 42 U.S.C. §12111(7) and Section 701(a) of Title VII of the Civil Rights Act of 1964, Title 42 U.S.C. §2000e(a).

20. The defendant is an employer within the meaning Title 42 U.S.C. §12111(5) in that the defendant engages in an industry affecting commerce and has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

21. The defendant is a person as that term is defined by Connecticut General Statutes § 46a-51(14).

22. The defendant is an employer as that term is defined by Connecticut General Statutes § 46a-51(10).

V.   **FACTS**

23. The plaintiff is a public-school Administrator certified and licensed by the State of Connecticut.

24. From 1995 to July 27, 2018, the defendant employed the plaintiff in various teaching and administrative positions, including that of Assistant Superintendent of Schools.

25. Throughout her employment with the defendant, the plaintiff performed her job duties in an exemplary manner.

26. Throughout her employment with the defendant, the plaintiff received various promotions based on her excellent qualifications and exemplary job performance.

27. The plaintiff strove to improve her skills and abilities throughout her employment with the defendant, obtaining advanced degrees in education, including being awarded a doctorate degree.

28. The plaintiff possesses a Bachelor of Arts degree, a Master of Arts degree and a Doctorate degree in the field of Educational Leadership.

29. The plaintiff has been issued a K-6 Professional Certificate, an Administrator Certificate and a Superintendent Certificate by the State of Connecticut Department of Education.

30. In recognition of the plaintiff's superb qualifications, and job performance, the defendant had assigned the plaintiff to positions with ever increasing job duties and responsibilities.

31. In the 2003-2005 school year, the defendant promoted the plaintiff from a teaching position to the role of Literacy Coach.

32. In the 2005-2006 school year, the plaintiff was assigned the position of Associate Principal.

33. In 2006, the plaintiff was employed by the defendant in the position of NCLB (No Child Left Behind) Coordinator.

34. In the 2006-2012 school year, the plaintiff worked in the administrative position of Director-Evaluation and Research.

35. In the 2012-2013 school year, the plaintiff was assigned the role of Director-Assessment, Accountability and Instructional Support.

36. From the 2013-2014 school year to the 2016-2017 school year, the defendant assigned the plaintiff to the position of School Principal for Hallen School.

37. By letter dated August 1, 2017, in recognition of the plaintiff's successful career in the roles to which the defendant had assigned her, the defendant appointed the plaintiff to the position of Assistant Superintendent of Schools for Teaching, Learning and Professional Development.

38. From August 1, 2017, to July 27, 2018, the plaintiff performed the duties to which she had been assigned with professionalism, expertise, competence and achievement.

39. At the time of the plaintiff's appointment to the position of Assistant Superintendent of schools, the defendant appointed Janet Brown-Clayton ("Clayton") and Christiana Otuwa ("Otuwa"), both of whom are of the Black race, to Assistant Superintendent of schools positions equivalent to the plaintiff's position.

40. The plaintiff and  Otuwa both hold doctorate degrees and have Superintendent Certificates issued by the State of Connecticut Department of Education, Janet Brown-Clayton possesses neither a doctorate degree or a Superintendent's Certificate.

41. Throughout the 2017-2018 school year, the plaintiff attended meetings with the superintendent of schools and the other assistant superintendent of schools during which the superintendent of schools would express her disappointment with the job performance of both Clayton and Otuwa, asserting that they did not follow her instructions, directions, and communications in a timely and effective manner.

42. The plaintiff was never criticized by the superintendent of schools in this manner.

43. Because of their deficient performances as Assistant Superintendent of Schools, the Superintendent of Schools employed an "Executive Coach" to assist Otuwa and Clayton in the performance of their job duties.

44. The plaintiff did not require the assistance of an "Executive Coach," nor was one assigned to her.

45. Sometime in February or March of 2018, the plaintiff informed the Superintendent of Schools, Aresta Johnson, that she was suffering from advanced degenerative disc disease and stenosis for which she may require surgery at the beginning of the 2018-2019 school year.

46. On July 13, 2018, Frank G. Chester ("Chester"), the defendant's "Chief Talent Officer – Human Resources," met, at his request, with the plaintiff and hand delivered a document entitled "Separation Agreement and General Release" which stated that 1) Santacapita is employed by the Board as an Assistant Superintendent; 2) Santacapita's position will be eliminated; and 3) the Parties mutually agree that Santacapita's employment with the Board should end."

47. The plaintiff was never provided any notice that her position was being eliminated and never agreed that her employment should end.

48. By letter dated July 18, 2018, Chester wrote the plaintiff that "[t]his letter will serve as written notification you received on Friday, July 13, 2018, that the position of Assistant Superintendent of Teaching and Learning has been eliminated, and thereby your position."

49. The plaintiff is fully qualified and capable of performing the assistant superintendent for Teaching, Learning & Professional Developments' duties that she had been delegated, as well as the duties and responsibilities delegated to Otuwa and Clayton as Assistant Superintendent for K-12 Instructional Leadership.

50. The plaintiff's performance as assistant superintendent of schools exceeded the performance of Otuwa and Clayton.

51. Clayton and Otuwa had demonstrable difficulty in performing their job duties in 2017-2018 school year as shown by the criticism directed at them by the superintendent of schools at staff meetings resulting in the appointment of an Executive Coach to assist them in performing their duties.

52. The job duties performed by the plaintiff as an assistant superintendent of schools in 2017-2018 school year were delegated to Otuwa and Clayton.

53. Clayton and Otuwa, who were not laid off by the defendant, lacked the qualifications possessed by the plaintiff.

54. At the time the defendant retained Clayton and laid off the plaintiff, Clayton had not obtained a doctorate degree or a Superintendent Certificate, while the plaintiff had been awarded a doctorate degree in educational leadership and a Superintendent Certificate.

55. Clayton and Otuwa's job performances were deficient when compared to the plaintiff's job performance.

56.  Neither Otuwa nor Clayton suffer from a physical disability.

57. The defendant chose to terminate the plaintiff's employment, while retaining Otuwa and Clayton,

58. The defendant did not have a legitimate non-discriminatory reason for retaining Clayton and Otuwa, and laying off the plaintiff.

59. Although the plaintiff was fully capable of performing the essential functions of her job as assistant superintendent of schools without an accommodation, the defendant chose to lay her off for the 2018-2019 school year because of her disability.

60. The plaintiff suffers from advanced degenerative disc disease and stenosis, a physical disability as that term is defined under both the Americans with Disabilities Act and the Connecticut Fair Employment Practices Act.

61. The plaintiff suffers from a physical disability, advanced degenerative disc disease and stenosis, as that term is defined by Connecticut General Statutes § 46a-51(15).

62. The plaintiff is a qualified individual with a disability as that phrase is defined under the Americans with Disabilities Act.

63. The plaintiff suffers from a disability, which substantially limits the plaintiff's major life activities including the major life activities of standing, bending, walking and working.

64. The plaintiff is fully capable and qualified to perform the essential functions of the job duties assigned to assistant the superintendent of schools' position, including those assigned to Clayton and Otuwa.

65. The reasons advanced by the defendant for laying the plaintiff off in the 2018-2019 school year is a pretext for unlawful disability discrimination.

66. The reasons advanced by the defendant for laying the plaintiff off in the 2018-2019 school year is a pretext for unlawful race and color discrimination.

67. The defendant favored Otuwa and Clayton over the plaintiff based on their color and race.

68. The plaintiff's race and color were substantial factors that motivated the defendant's decision to terminate the plaintiff's employment.

69. The plaintiff's disability was a determinative factor in the defendant's decision to terminate the plaintiff's employment.

70. The defendant, and its superintendent of schools have stated that a goal for the defendant was to increase the number of minority educators that it employs.

71. A motivating factor in the defendant's decision to lay off the plaintiff as opposed to laying off Otuwa and Clayton was its goal of increasing the number of minority educators in its employ.

72. Motivating factors in the defendant's decision to lay off the plaintiff, as opposed to laying off Otuwa and Clayton, were the plaintiff's race and color.

73. Other than for her race and color, the plaintiff would not have been laid off by the defendant.

74. The plaintiff's race and color were substantial factors that motivated the defendant's decision to terminate the plaintiff's employment.

75. There exists no legitimate, non-discriminatory reason to justify the defendant's decision to lay the plaintiff off from her employment with the defendant.

76.  As a result of the unlawful discriminatory termination of the plaintiff's employment by the defendant, the plaintiff has suffered emotional distress.

77. As a result of the unlawful discriminatory termination of the plaintiff's employment by the defendant, the plaintiff has suffered financial losses

**VI.**   <u>**FIRST CAUSE OF ACTION (UNLAWFUL RACE AND COLOR DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED)**</u>

78-154. The plaintiff incorporates as if re-alleged paragraphs 1 through 77.

155.    The defendant subjected the plaintiff to unlawful race discrimination when it laid the plaintiff off from her employment.

156.    The defendant discriminated against the plaintiff when it laid the plaintiff off from her employment.

157.    The defendant, without legitimate reason, laid the plaintiff off from her employment.

158.    The make-up of the top leadership, superintendent of schools and two assistant superintendents of schools, is remarkable for its lack of racial diversity, in that all

three positions are occupied by individuals whose race is African-American, and whose color is Black.

159.    Because the plaintiff's race was a motivating factor and made a difference in the defendant's decision to terminate the plaintiff's employment, the defendant violated the provisions of Title VII of the Civil Rights Act of 1964, as amended.

160.    The defendant engaged in discrimination against the plaintiff with malice or reckless indifference to the plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended.

161.    Because of the discriminatory way the defendant treated the plaintiff, the plaintiff has suffered financial losses.

162.    As a result of the discriminatory manner in which the defendant treated the plaintiff, the plaintiff has suffered emotional distress.

**VII.    <ins>SECOND CAUSE OF ACTION (UNLAWFUL DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT)</ins>**

163-239.The plaintiff incorporates as if re-alleged paragraphs 1 through 77.

240.    The defendant was fully aware of the plaintiff's disability prior to terminating the plaintiff's employment.

241.  The plaintiff is a qualified individual with a disability within the meaning of the Americans with Disabilities Act, as amended, in that the plaintiff suffers from a physical impairment which substantially limits one or more of her major life activities, including the ability to was walk and work.

242.  The plaintiff is a qualified individual with a disability within the meaning of the Americans with Disabilities Act, as amended, who, with a reasonable accommodation, was fully capable of performing the essential functions of the position of Assistant Superintendent of Schools.

243.  Even though she was fully qualified to perform the essential functions of her position, the defendant terminated the plaintiff's employment because the plaintiff suffers from a physical impairment which substantially limited several of her major life activities including walking and working.

244.  The defendant terminated the plaintiff's employment even though she was fully qualified to perform the essential functions of her position because the defendant regarded the plaintiff as suffering from a physical impairment.

245.  The termination of the plaintiff's employment by the defendant because she was afflicted with a physical impairment that substantially limits her major life activities

is a discriminatory action prohibited by the provisions of the Americans with Disabilities Act, as amended.

246.  The termination of the plaintiff's employment as Assistant Superintendent of Schools by the defendant for which she was fully qualified, because it regarded the plaintiff as suffering from a physical impairment which substantially limits the plaintiff's major life activities is a discriminatory act prohibited by the provisions of the Americans with Disabilities Act, as amended.

247.  As a result of her physical impairment, the plaintiff is substantially limited in performing several major life activities including walking and working.

248.  The plaintiff at all times relevant herein is an individual with a disability within the meaning of the Americans with Disabilities Act, as amended.

249.  The plaintiff is a qualified individual with a disability as that term is defined under the provisions of the Americans with Disabilities Act, as amended.

250.  Although the plaintiff's physical condition substantially limits her major life activities, the plaintiff was at all times able to perform the essential functions of the job of Assistant Superintendent of Schools.

251.  The defendant only terminated the plaintiff's employment only after the plaintiff informed the Superintendent of Schools that she may need an accommodation in the

form of a short-term leave of absence to undergo surgery as treatment for her physical disability.

252.    The defendant discriminated against the plaintiff with malice and with a reckless indifference to the federally protected rights of the plaintiff guaranteed to the plaintiff by the provisions of the Americans with Disabilities Act, as amended.

253.    The discriminatory actions of the defendant have caused, continues to cause and will cause the plaintiff to suffer substantial damages for future pecuniary losses, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

254.    The discriminatory actions of the defendant have caused the plaintiff to suffer emotional distress.

**VIII.    THIRD CAUSE OF ACTION (UNLAWFUL DISABILITY DISCRIMINATION IN VIOLATION OF CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT)**

255-331.The plaintiff incorporates as if re-alleged paragraphs 1 through 77.

332.    The defendant's termination of the plaintiff's employment because the plaintiff was suffering from a physical impairment is a discriminatory act prohibited by the provisions of the Connecticut Fair Employment Practices Act.

333.    The defendant was fully aware of the plaintiff's physical impairment prior to terminating the plaintiff's employment.

334.   The plaintiff suffers from a physical impairment within the meaning of the Connecticut Fair Employment Practices Act, who, with a reasonable accommodation, was fully capable of performing the essential functions of the position of Assistant Superintendent of Schools.

335.   The defendant terminated the plaintiff's employment because the plaintiff was afflicted with a physical impairment as defined by the provisions of the Connecticut Fair Employment Practices Act.

336.   The defendant terminated the plaintiff's employment because the defendant regarded the plaintiff as suffering from a disabling physical impairment.

337.   The termination of the plaintiff's employment by the defendant because she was afflicted with a physical impairment is a discriminatory act prohibited by the provisions of the Connecticut Fair Employment Practices Act.

338.   The termination of the plaintiff's employment by the defendant because it regarded the plaintiff as suffering from a disabling physical impairment, is a discriminatory act prohibited by the provisions of the Connecticut Fair Employment Practices Act.

339.   The plaintiff is able to perform the essential functions of the job of Assistant Superintendent of Schools.

340.   The defendant discriminated against the plaintiff with malice and with a reckless
       indifference to the state protected rights of the plaintiff guaranteed to the plaintiff by
       the provisions of the Connecticut Fair Employment Practices Act.

341.   The discriminatory actions of the defendant have caused, continues to cause and will
       cause the plaintiff to suffer substantial damages for future pecuniary losses, mental
       anguish, loss of enjoyment of life and other non-pecuniary losses.

342.   The discriminatory actions of the defendant have caused the plaintiff to suffer
       emotional distress.

343.   Connecticut General Statutes § 46a-51(9) defines the term employee as "any person
       employed by an employer but shall not include any individual employed by his
       parents, spouse or child, or in the domestic service of any person."

344.   Connecticut General Statutes § 46a-59(10) defines "employer" as the "state and all
       political subdivisions thereof…"

345.   Connecticut General Statutes § 46a-59(15) defines "physically disabled" as referring
       "to any individual who has any chronic physical handicap, infirmity or impairment,
       whether congenital or resulting from bodily injury, organic processes or changes or
       from illness, including, but not limited to, epilepsy, deafness or being hard of hearing
       or reliance on a wheelchair or other remedial appliance or device."

346.    Connecticut General Statutes Section § 46a-60(b)(1) prohibits "an employer, by himself or his agent, except in the case of a bona fide occupational qualification or need, to refuse to hire or employ or to bar or to discharge from employment any individual or to discriminate against him in compensation or in terms, conditions or privileges of employment because of the individual's race, color, religious creed, age, sex, marital status, national origin, ancestry, present or past history of mental disorder, mental retardation, learning disability or physical disability, including, but not limited to, blindness."

347.    The plaintiff is an employee as that term is defined by Connecticut General Statutes § 46a-59(9).

348.    The plaintiff suffers from a physical disability as that term is defined by Connecticut General Statutes § 46a-59(15).

349.    The defendant's termination of the plaintiff's employment because of the plaintiff's physical disability and/or because the defendant regarded the plaintiff as being physically disabled is a violation of the provisions of Connecticut General Statutes § 46a-60(b) (1).

350.    The defendant's termination of the plaintiff's employment as Assistant

Superintendent of Schools on account of the plaintiff's physical disability is a

violation of the provisions of Connecticut General Statutes § 46a-60(b) (1).

IX.    **FOURTH CAUSE OF ACTION (UNLAWFUL RACE AND COLOR DISCRIMINATION IN VIOLATION OF CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT)**

351-427. The plaintiff incorporates as if re-alleged paragraphs 1 through 77.

428.    The defendant subjected the plaintiff to unlawful race discrimination when it laid the

plaintiff off from her employment and retained Otuwa and Clayton.

429.    The defendant, without legitimate reason, laid the plaintiff off from her employment

and retained Otuwa and Clayton.

430.    The make-up of the defendant's top leadership, superintendent of schools and two

assistant superintendents of schools, is remarkable for its lack of racial diversity, in

that all three positions are occupied by individuals whose race is African-American,

and whose color is Black.

431.    Because the plaintiff's race and color were motivating factors and made a difference

in the defendant's decision to terminate the plaintiff's employment and retained

Otuwa and Clayton, the defendant violated the provisions of the Connecticut Fair

Employment Practices Act.

432.   The defendant engaged in discrimination against the plaintiff with malice or reckless indifference to the plaintiff's rights under the Connecticut Fair Employment Practices Act.

433.   Because of the discriminatory way the defendant treated the plaintiff, the plaintiff has suffered financial losses.

434.   As a result of the discriminatory manner in which the defendant treated the plaintiff, the plaintiff has suffered emotional distress.

## X.  **PRAYER FOR RELIEF**

WHEREFORE, THE PLAINTIFF PRAYS THAT THIS COURT:

(As to all Causes of Action)

a.   Declare the conduct engaged by the defendant to be in violation of the plaintiff's rights;

b.   Enjoin the defendant from engaging in such conduct;

c.   Require the defendant to restore the plaintiff to the position of Assistant Superintendent of Schools;

d.   Award plaintiff the equitable relief of back pay and benefits, together with prejudgment interest for the entire period as well as front salary and benefits accrual;

e.  Award plaintiff compensatory damages;

f.  Award plaintiff costs and attorney fees; and

g.  Grant such other and further relief as the Court may deem just and proper.

XI.   **JURY DEMAND**

**THE PLAINTIFF REQUESTS A TRIAL BY JURY**.

THE PLAINTIFF – DEBORAH SANTICAPITA


BY /s / Thomas W. Bucci
   Thomas W. Bucci
   Fed. Bar #ct07805
   WILLINGER, WILLINGER & BUCCI, P.C.
   855 Main Street
   Bridgeport, CT   06604
   Tel: (203) 366-3939
   Fax: (203) 337-4588
   Email: thomasbucci@earthlink.net

EEOC Form 161 (11/16)

**PLAINTIFF'S EXHIBIT**
/

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To:   **Deborah Santacapita**
      **43 Lakeview Place**
      **Fairfield, CT 06825**

From:   **Boston Area Office**
        **John F. Kennedy Fed Bldg**
        **Government Ctr, Room 475**
        **Boston, MA 02203**

| | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16A-2018-01787 | Amon L. Kinsey, Jr., Supervisory Investigator | (617) 565-3189 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☒ Other (briefly state)   **Charging Party is pursuing claims in another forum.**

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Kenneth An*

**Feng K. An,**
**Area Office Director**

February 8, 2019
(Date Mailed)

Enclosures(s)

cc:

**BRIDGEPORT BOARD OF EDUCATION**
**45 Lyon Terrace**
**Bridgeport, CT 06604**

**Thomas W. Bucci, Esq.**
**Willinger, Willinger & Bucci, P.C.**
**855 Main Street**
**Bridgeport, CT 06604**



PLAINTIFF'S EXHIBIT

2

## STATE OF CONNECTICUT
## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

<u>Deborah Santacapita</u>
**COMPLAINANT**

CHRO No. 1920065

vs.

EEOC No. 16A-2018-01787

<u>Bridgeport Board of Education</u>
**RESPONDENT**

### <u>**RELEASE OF JURISDICTION**</u>

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business or in which the Complainant resides. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought pursuant to this release must be served on the Commission at <u>ROJ@ct.gov</u> or at 450 Columbus Blvd., Suite 2, Hartford, CT 06103 at the same time all other parties are served. Electronic service is preferred. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

<u>The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.</u>

**DATE:** 1/29/2019

*Tanya A Hughes*
Tanya A. Hughes, Executive Director

Service:
Complainant's attorney: tbucci@wwblaw.com
Respondent's attorney: chodgson@berchemmoses.com